## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| APRIL KIMBLE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | 1:19-cv-02549-LMM-JSA |
| v. | ) | |
| | ) | |
| QUALITY ASSIST, INC. | ) | |
| and TRACEY BANKHEAD, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S INITIAL DISCLOSURES

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contention as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

**Response to Disclosure 1:**

**Cause of Action:**

This is a lawsuit for race discrimination, gender non-conformity discrimination and retaliation brought pursuant to violations of Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). This Court has subject matter jurisdiction over this action.

Under Title VII and Section 1981, Ms. Kimble seeks back pay, front pay, compensatory damages, punitive damages, prejudgment and post-judgment interest,

attorneys' fees, expert fees, costs, a declaratory judgment, and all other remedies to which she is entitled by law.

**Factual Outline:**

Ms. Kimble worked for QA as a Content Developer II from September 24, 2015 to May 23, 2016. During her tenure with Defendant, Plaintiff was the only African American and the only homosexual on her team until just prior to her termination when another African American was hired. Plaintiff's supervisor was Michele Akins and later changed to Tracey Bankhead in or around November 2015. Bankhead's title was Director of Instructional Design for Defendant QA.

Ms. Kimble appears as a gender-conforming, African American female. Because the appearance and actions of Plaintiff are feminine, she likely appeared to conform to Defendants' ideal of the female gender. It was not until Plaintiff appeared at the company holiday party with her date, a gender nonconforming female that the Defendants began realizing that Ms. Kimble does not conform to the ideal of a stereotypical female.

After the Christmas party, Defendant Bankhead's supervision became extremely hypercritical. Bankhead began hypercritical supervision of Plaintiff and almost constant surveillance of Plaintiff's whereabouts. Bankhead's disparity in treatment towards Ms. Kimble was noticed by and commented on by Ms. Kimble's

co-workers from another department.

In or around early May 2016, Ms. Kimble asked Bankhead about whether employees were supposed to be paid while on lunch breaks. Bankhead told Ms. Kimble employees were not to be paid on lunch breaks. Later in May 2016, Ms. Kimble asked Human Resources Director Ms. Mow about QA's policy on paying employees while on lunch. Ms. Mow informed Ms. Kimble that employees are paid for their lunch breaks.

On or about May 20, 2016, Plaintiff emailed Ms. Bankhead about the discrepancy. In the email, Plaintiff informed Ms. Bankhead that Melissa Ramey, a similarly-situated Caucasian, heterosexual peer was being paid for her lunch breaks. Subsequent to the email, Ms. Kimble met with Bankhead about the discrepancy. Bankhead, in response, labeled Plaintiff's act of following up on this issue as "not professional."

Ms. Kimble complained to Ms. Mow about disparate treatment between Plaintiff and her Caucasian, heterosexual coworkers. After Plaintiff complained, Ms. Mow sent Plaintiff home for the rest of the day on Friday, May 20, 2016. Three days later on May 23, 2016, Ms. Kimble was fired by Annette Sibley, President and CEO.

Ms. Kimble's termination was in retaliation because of her complaints of race and gender nonconformity discrimination in violation of Title VII and Section 1981.

As a result of Defendants' unlawful conduct, Kimble has suffered physical and emotional damages, and is entitled to all damages allowed by law. Ms. Kimble has suffered emotional distress, financial losses, including a loss of pay and benefits, and all other benefits of employment as a result of Defendants' violations of Title VII and Section 1981. She is seeking compensatory damages, punitive damages, attorneys' fees and costs, and any other relief so awarded.

**<u>Legal Issues:</u>**

    (1) Whether Defendants retaliated against Ms. Kimble because of her race in violation of Title VII of the Civil Rights Act and in violation of Section 1981;

    (2) Whether unlawful retaliation was the "but for" cause of any adverse employment action;

    (3) Whether Defendants discriminated against Plaintiff because of her gender non-conformity and race in violation of Title VII;

    (4) Whether Defendants discriminated against Plaintiff because of her race in violation of Title VII;

    (5) Whether Defendants can prove any of their affirmative defenses and establish their defenses;

    (6) Whether Plaintiff mitigated her damages, if any; and

    (7) If Defendants are found liable to Plaintiff, in whole or in part, what are the damages to which she is entitled?

2)  Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

**Response to Disclosure 2:**

**Statutes, Codes, Regulations**

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

EEOC Enforcement Guide on Title VII Race Discrimination, Gender Discrimination and Title VII Retaliation

42 U.S.C. § 1981

**Illustrative Case Law:**

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 768 (11th Cir. 2005)

Burlington N & S.F.R. Co. v. White, 548 U.S. 53, 64 (2006)

Goldsmith v. Bagby Elevator Co., Inc., 513 F.3d 1261, 1277 (11th Cir. 2008)

University of Texas Southwestern Med. Ctr. v. Nassar, 133 S.Ct. 2517, 2524-25, 2534 (2013)

Chapter 7 Trustee v. Gate Gourmet, Inc., 683 F.3d 1249, 1260 (11th Cir. 2012)

Leal v. McHugh, 731 F.3d 405, 415 (5th Cir. 2013)

Evans v. Ga Regional Hospital, 850 F.3d 1248, 1254-55 (11th Cir. 2017)

Prowel v. Wise Business Forms, Inc., 579 F.3d 285, 290-93 (3d Cir. 2009)

Glenn v. Brumby, 663 F.3d 1312, 1316 (11th Cir. 2011)

Winstead v. Lafayette Cty. Bd. of Cty. Commissioners, 197 F. Supp. 3d 1334, 1347 (N.D. Fla. 2016)

Rene v. MGM Grand Hotel, Inc., 305 F.3d 1061, 1063-64 (9th Cir. 2002)

Lathem v. Dep't of Children and Youth Servs., 172 F.3d 786, 792 (11th Cir. 1999)

Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997)

Lewis v. City of Union City, 918 F.3d 1213, 1218 (11th Cir. Mar. 21, 2019)

Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1328 (11th Cir. 2011)

Bryant v. United States Steel Corp., 428 F. App'x 895, 898 (11th Cir. 2011)

Shotz v. City of Plantation Fla., 344 F.3d 1161, 1176, (11th Cir. 2003)

Plaintiff reserves the right to make use of additional authorities, statutes, case law, and judicial decisions as this case progresses.  The above list is not intended to be exhaustive.

(3)  Provide the name, and if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defense, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A).

**Response to Disclosure 3:**

See Attachment A.

(4)  Provide the names of any person who may be used at trial to present evidence under Rule 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B).

**Response to Disclosure 4:**

Plaintiff has not, as of this date, identified any expert witnesses. However, Plaintiff reserves the right to identify such a witness or witnesses.  Plaintiff will supplement this disclosure, pursuant to Fed. R. Civ. P. 26(e) and LR 201-6, N.D. Ga., should any such witness be identified.

(5)  Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**Response to Disclosure 5:**

See Attachment C.

(6)  In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Response to Disclosure 6:**

See Attachment D.

(7)  Attach for inspection and copying as Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**Response to Disclosure 7:**

Any such insurance agreements which may exist are in the possession, custody or control of Defendants.

(8)   Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.

**Response to Disclosure 8:**

None.

Respectfully submitted, this 6th day of January 2020.

/s/ Meredith J. Carter
Meredith J. Carter
Georgia Bar No. 325422

M. CARTER LAW LLC
2690 Cobb Parkway
Suite A5-294
Smyrna, GA 30080
T: (404) 618-3838
meredith@mcarterlaw.com

Beverly A. Lucas
Georgia Bar No. 427692

Lucas & Leon, LLC
P.O. Box 752
Clarkesville, Georgia 30523
T: (706) 752-2001
F: (706) 752-8085
beverly@lucasandleon.com

Attorneys for Plaintiff

## ATTACHMENT A

The following individuals may have knowledge of the facts and circumstances surrounding Plaintiff's claims.  Plaintiff reserves the right to supplement this list as discovery is completed.

1) April Kimble

2) Tracey Bankhead
   c/o Robert C.D. McDonald

3) Michele Akins
   Contact Information Unknown

4) Susan Mow
   Contact Information Unknown

5) Melissa Ramey
   Contact Information Unknown

6) Annette Sibley
   Contact Information Unknown

7) Lori Palmer
   Contact Information will be provided during discovery

8) Shantrece Bell
   Contact Information Unknown

9) Kiara White
   Contact Information Unknown

10)   Jo Harris
   Contact Information Unknown

11)  Kim-Tai DeMars
     Contact Information Unknown

12)  Gillian Gansler
     Contact Information Unknown

13)  Chuck DeMars
     Contact Information Unknown

14)  Alexis Simmons
     Contact Information Unknown

15)  Camiley Constantine
     Contact Information Unknown

16)  Gillian Lee-Fong
     Contact Information Unknown

17)  Beth Conn
     Contact Information Unknown

18)  Caroline Nichols
     Contact Information Unknown

19)  Danielle Elizabeth Boone
     Contact Information will be provided during discovery

20)  Individuals listed on Defendants' Initial Disclosures

21) Other employees of Defendant that worked with Plaintiff during her employment.

22) Individuals identified during discovery.

## <u>ATTACHMENT C</u>

Plaintiff will produce, for inspection and copying at a mutually convenient time, those documents in her possession which are responsive to this request, which will include the following documents:

1) W2s

2) Resume

3) Emails

4) EEOC File

5) Job Applications

6) Letters and other correspondence from her employment with Defendant

## **ATTACHMENT D**

Plaintiff is seeking:  1) Declaratory Relief; 2) Back Pay; 3) Compensatory Damages; 4) Punitive Damages; 5) Attorneys' Fees; 6) Costs to Plaintiff for the expenses of litigation; and 7) pre and post judgment interest. The amount of compensatory and punitive damages will be determined by the enlightened conscience of an impartial jury.  Attorneys' fees will not be fully known until the end of Litigation.

Respectfully submitted, this 6th day of January 2020.

/s/ Meredith J. Carter
Meredith J. Carter
Georgia Bar No. 325422

M. CARTER LAW LLC
2690 Cobb Parkway
Suite A5-294
Smyrna, GA 30080
T: (404) 618-3838
meredith@mcarterlaw.com

Beverly A. Lucas
Georgia Bar No. 427692

Lucas & Leon, LLC
P.O. Box 752
Clarkesville, Georgia 30523
T: (706) 752-2001
F: (706) 752-8085
beverly@lucasandleon.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| APRIL KIMBLE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | 1:19-cv-02549-LMM-JSA |
| v. | ) | |
| | ) | |
| QUALITY ASSIST, INC. | ) | |
| and TRACEY BANKHEAD, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF FONT COMPLIANCE**
**REQUIRED BY LOCAL RULE 7.1D AND SERVICE**

In accordance with Local Rule 7.1D, I hereby certify that the foregoing was prepared with one of the font and point selections approved by the Court in Local Rule 5.1B. Specifically, it was prepared with Times New Roman, 14 point.

I further certify that I electronically filed PLAINTIFF'S INITIAL DISCLOSURES with the Clerk of Court using the CM/ECF system which will automatically send email or other notification of such filing to the following attorneys of record:

Robert C.D. McDonald
The Law Offices of Robert C.D. McDonald, P.C.
rmcdonaldlaw@ceocenters.com

This 6th day of January 2020.

/s/ Meredith J. Carter
Meredith J. Carter
Georgia Bar No. 325422